## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GARY TEBO** | * | **CIVIL ACTION NO. 17-10284** |
| | * | |
| **VERSUS** | * | **SECTION "R" (2)** |
| | * | |
| **WOOD GROUP PSN, INC.** | * | **JUDGE SARAH S. VANCE** |
| | * | |
| | * | **MAGISTRATE JUDGE WILKINSON** |
| | * | |
| | * | |
| | * | |

**************************************************************************

### SECOND AMENDED COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, GARY TEBO, who respectfully represents:

### I.  PARTIES

1.      Plaintiff, GARY TEBO (hereinafter referred to as "Plaintiff"), brings this Civil Action under the Outer Continental Shelf Lands Act ("OCSLA"), 43 Section 1333 *et. seq.*, with pendent and/or ancillary state claims under Louisiana Civil Code Article 2315, 2317, 2317.1 and/or 2322.

2.      At all times relevant herein, Plaintiff has been and is a citizen of the United States and is a resident of the State of Mississippi, Pearl River County.

1.      Defendant WOOD GROUP PSN, INC. (hereinafter "WOOD GROUP") is a foreign business corporation licensed to do and doing business in the State of Louisiana, and at all pertinent times hereto was the operator of, and/or was performing work on, the production platform located in South Timbalier 26.  Defendant, WOOD GROUP, has appointed Corporation Service Company as its registered agent for service of process, whose address is 501 Louisiana Ave., Baton Rouge, LA 70802.

2.      Defendant ENERGY XXI GOM, LLC is a foreign business company licensed to do and doing business in the State of Louisiana, and at all pertinent times hereto was the owner and/or operator of, and/or was performing work on, the production platform located in South Timbalier 26.  Defendant, ENERGY XXI GOM, LLC (hereinafter "Energy XXI"), has appointed C T Corporation System as its registered agent for service of process, whose address is 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

## II.  JURISDICTION AND VENUE

3.      Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1332, 43 U.S.C. 1349(b)(1), and/or 33 U.S.C. 905(b); venue of this action is pursuant to 28 U.S.C. 1391, 43 U.S.C. 1349 (b)(2) and/or 33 U.S.C. 905(b).c

4.       The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

3.      Venue is proper because the acts and omissions made the basis of this Complaint occurred within the territory of the United States District Court for the Eastern District of Louisiana.

## III.  FACTS AND GENERAL ALLEGATIONS

5.      At all times relevant herein, Plaintiff was employed by Flow Petroleum Services, Inc. as a mechanic, and was contracted by Energy XXI, via a contract with Reagan Power & Compression (hereinafter "Reagan") to perform certain work aboard a fixed production platform, owned by Energy XXI and operated by Defendant(s), WOOD GROUP and/or ENERGY XXI, in or around South Timbalier 26, approximately 10 miles from Fourchon, Louisiana, on the Outer Continental Shelf in the Gulf of Mexico.

6.      Prior to June 10, 2017, the platform located in South Timbalier 26 and owned by

Energy XXI was shut down for maintenance, repair, and replacement of various equipment.

7.      At all times relevant herein, Plaintiff was an independent contractor reporting to Joshua Mouton of Reagan; Plaintiff received general instruction from Steve Nugent of Energy XXI while on the platform located in South Timbalier 26.  Plaintiff's work was directly related to and essential to oil and gas production on a platform located on the Outer Continental Shelf.

8.      On June 10, 2017, a WOOD GROUP operator also on the platform initiated the start sequence for the Cooper GMV 12 engine/compressor several times.

9.       After cleaning the Altronic magnetic pick-up sensor of the engine/compressor, Plaintiff remained near the engine/compressor as the WOOD GROUP operator again initiated the start sequence. The engine started, ran for a few seconds, and then exploded causing severe and debilitating injuries to Plaintiff's mind and body, including but not limited to his face and jaw, body, hip, and legs, including permanent, ghastly scarring, and a torn labrum which will likely require future surgery.

10.     Upon information and belief, the engine/compressor explosion and Plaintiff's resulting injuries were caused by the negligent action(s) of Defendants, WOOD GROUP and ENERGY XXI, their agent(s), servant(s), and/or employee(s), which actions include, but are not limited to:

    a.  Failure to comply with start sequence procedures;

    b.  Allowing dangerous and/or unsafe practices to occur regarding the operation of the platform and/or engine;

    c.  Not informing other contractors on the platform of hidden and dangerous conditions;

    d.  Failure to exercise reasonable care in ensuring the platform and its appurtenances,

including the engine/compressor, were safe for operations and free from ruin or defects;

e.   Other acts of negligence which will be demonstrated at the trial of this matter.

11.   As a result of this incident, Plaintiff sustained severe injuries, the extent of which are not yet fully known, to the area of his jaw, hip, and legs, which injuries have required, and will continue to require in the foreseeable future, extensive medical treatment, including, but not limited to, surgical intervention.

### IV.  CAUSE OF ACTION

12.   Plaintiff, GARY TEBO, is entitled to maintain this action and seek recovery from Defendants under the provisions of the statutes of the United States, more particularly the OCSLA, Title 43 Section 1333, *et seq.* of the United States Code, and additionally under the laws of the State of Louisiana, including but not limited to Louisiana Civil Code Articles 2315, 2317, 2317.1, and/or 2322.

13.   Defendants, WOOD GROUP and ENERGY XXI, owed Plaintiff a duty to exercise reasonable care in the maintenance and/or operation of the platform, including the Cooper GMV 12 natural gas engine and compressor.  Defendants breached this duty and as a direct result, Plaintiff suffered severe and debilitating injuries.

14.   Defendant, ENERGY XXI, as owner and/or operator of the platform, owed Plaintiff a non-delegable duty to keep the platform and its appurtenances and component parts free from ruin, vices, and/or defects which could cause damage.  Defendant ENERGY XXI knew, or should have known, of ruinous conditions and/or vices in the Cooper engine/compressor, including but not limited to defective conditions in the software and/or programming of the engine/compressor's panel and/or a defective condition in the turbine wheel,

4

and ENERGY XXI failed to repair the ruinous and/or defective condition. ENERGY XXI breached its duty to Plaintiff, and as a direct result, Plaintiff suffered severe and debilitating injuries.

15.     Prior to Plaintiff's injuries in the incident sued upon herein, Plaintiff worked for his employer, Flow Petroleum Services, Inc., and was earning wages.  Subsequent to the incident and injuries sued upon herein, Plaintiff was required to seek medical attention, to suffer loss and impairment of his earning capacity, and to suffer physical and mental pain and suffering.

16.     Plaintiff specifically alleges the doctrine of *res ipsa loquitur* is applicable in this case.

17.     Plaintiff requests that Defendants preserve all evidence regarding the incident.

### V.  DAMAGES

18.     Plaintiff, by virtue of the injuries sustained in the incident sued upon herein, has sustained damages, for which WOOD GROUP and/or ENERGY XXI are liable, as follows:

   a.     Past, present, and future loss of wages, fringe benefits and wage earning capacity;

   b.     Past, present, and future medical expenses;

   c.     Past, present, and future physical pain and suffering;

   d.     Past, present, and future mental pain and suffering;

   e.     Permanent disability;

   f.     Loss of enjoyment of life;

   g.     All other special and general damages as will be shown at the trial of this matter.

### VI.  JURY DEMAND

19.     Plaintiff is entitled to and requests a trial by jury on all counts alleged herein.

### VII.  PRAYER FOR RELIEF

20.     WHEREFORE, Plaintiff prays for a trial by jury and for judgment herein against

Defendants, WOOD GROUP and/or ENERGY XXI, for damages as are reasonable in the premises and for all costs of these proceedings.

      21.    Plaintiff further prays for all general and equitable relief.

Dated:  April 23, 2018              All of which is respectfully submitted,

                              */s/ Hugh P. Lambert*
                              HUGH P. LAMBERT, T.A. (LA Bar #7933)
                              CAYCE C. PETERSON, ESQ. (LA Bar #32217)
                              JACKI L. SMITH, ESQ. (LA Bar #34769)
                              BRIAN C. MEARS, ESQ. (LA Bar #35909)
                              The Lambert Firm, PLC
                              701 Magazine Street
                              New Orleans, Louisiana 70130
                              T: (504) 581-1750; F: (504) 529-2931
                              hlambert@thelambertfirm.com
                              cpeterson@thelambertfirm.com
                              jsmith@thelambertfirm.com
                              bmears@thelambertfirm.com